IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARRY SENTENEY, | |
| Petitioner, | **8:22CV89** |
| vs. | |
| DIANE SABATKA-RINE, | **MEMORANDUM AND ORDER** |
| Respondent. | |

    This matter is before the court on Petitioner's Motion to Dismiss. (Filing 18.) In his Motion, Petitioner requests that the court dismiss this matter without prejudice or, alternatively, allow him to withdraw his habeas petition so that he may return to the state courts and exhaust all of his state remedies. (*Id*.) Respondent filed a Brief in Response to the Motion, arguing that dismissal is not appropriate because Petitioner's habeas claims are procedurally defaulted, not merely unexhausted, and "Petitioner is unable to properly exhaust his claims in the state courts." (Filing 19.) In response, Petitioner insists that dismissal is appropriate because "he has a remaining remedy within the Nebraska courts in the form of a motion to vacate the order dismissing his motion for postconviction relief pursuant to Neb. Rev. Stat. § 25-1301.01." (Filing 20 at CM/ECF p. 2.)

    In Nebraska, motions to vacate an order or judgment are governed by Neb. Rev. Stat. § 25-2001, not Neb. Rev. Stat. § 25-1301.01, which merely sets out the clerk of the court's duty to serve notice of a civil judgment or final order on the parties.[1] While state district courts also have "broad inherent powers to vacate or

---

[1] Section 25-1301.01 provides:

> Within three working days after the entry of any civil judgment or final order, except judgments by default when service has been obtained by publication or interlocutory orders styled as judgments, the clerk of the court shall send the judgment or final order by United States mail or by service through the court's

modify its own judgment during term," *State v. Manning*, 789 N.W.2d 54, 58 (Neb. Ct. App. 2010), any motion to vacate filed now by Petitioner would fall outside the term in which the order dismissing Petitioner's state postconviction motion was entered. (*See* Filing 16-8 at CM/ECF p. 19 (order dismissing state postconviction motion dated August 19, 2021); Rule 12-0 of the District Court of the Twelfth Judicial District (rev. 2010) (the term of the court is the calendar year). Under Neb. Rev. Stat. § 25-2001, a district court may vacate or modify a judgment after the end of the term through (1) its inherent power, upon a motion filed within 6 months after the entry of the judgment; (2) its equity jurisdiction; or (3) the statutory grounds under Neb. Rev. Stat. § 25–2001(4).

Clearly, Petitioner did not file a motion to vacate within 6 months of the entry of the judgment dismissing his postconviction motion. (*See* Filing 16-1.) Also, it does not appear that the state district court would exercise its equity jurisdiction over any motion to vacate filed now by Petitioner as the Nebraska Supreme Court has held that "equitable remedies are generally not available where there exists an adequate remedy at law." *Carlson v. Allianz Versicherungs-Aktiengesellschaft*, 844 N.W.2d 264, 275 (Neb. 2014). Following the state district court's August 19, 2021 judgment, Petitioner could have (1) filed a timely notice of appeal,[2] (2) filed a motion to alter or amend the judgment, *see* Neb. Rev. Stat. § 25-1329, or (3) filed a motion to vacate the judgment prior to the end of the term. *See id*. Because Petitioner had an adequate remedy at law, the state district court would not have equitable jurisdiction to entertain Petitioner's motion. *See Gardner v. Nebraska*, No. 8:16CV562, 2017 WL 2728411, at *2 n.2 (D. Neb. June 23, 2017) (citing *Carlson*, *supra*) (concluding habeas petitioner's motion for reconsideration of the denial of his state postconviction motion filed after term of

---

> electronic case management system to each party whose address appears in the records of the action or to the party's attorney or attorneys of record.

Neb. Rev. Stat. § 25-1301.01.

[2] Petitioner filed a notice of appeal on September 24, 2021, that was dismissed by the Nebraska Court of Appeals for lack of jurisdiction because it was not filed within 30 days of the August 19, 2021 judgment. (Filing 16-7 at CM/ECF p. 3 (citing Neb. Rev. Stat. § 25-1912).)

state court was not a properly filed application for state post-conviction or other collateral review that tolled the statute of limitations because, *inter alia*, state court lacked equity jurisdiction to consider the motion).

Finally, the court concludes that Petitioner would not be able to satisfy any of the statutory grounds under § 25–2001(4) for vacation of the judgment. Under Neb. Rev. Stat. § 25-2001(4),

> A district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made (a) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order; (b) for fraud practiced by the successful party in obtaining the judgment or order; (c) for newly discovered material evidence which could neither have been discovered with reasonable diligence before trial nor have been discovered with reasonable diligence in time to move for a new trial; (d) for erroneous proceedings against an infant or person of unsound mind if the condition of such defendant does not appear in the record of the proceedings; (e) for the death of one of the parties before the judgment in the action; (f) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; and (g) for taking judgments upon warrants of attorney for more than was due to the plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

Here, Petitioner represents that his motion for postconviction relief was dismissed due to his failure to appear at the August 19, 2021 telephonic hearing. (Filing 20 at CM/ECF p. 1.) The order of dismissal indicates that "[t]he Court waited on the ALLO conference call line give[n] to Mr. Senteney in the Court's order dated June 18, 2021 which set the matter for hearing" and "[n]o appearance was made during the 30 minutes the Court waited." (Filing 16-8 at CM/ECF p. 19.) Petitioner states that, at the time of the hearing, he was incarcerated in the custody of the Nebraska Department of Correctional Services ("NDCS"), that he "was notified of the hearing date and was available to appear by electronic means, however the staff at the center failed to make the Petitioner available at the

3

appointed hearing time." (Filing 20 at CM/ECF p. 1.) Petitioner argues that the dismissal was a result of the State's/NDCS' error and was "through no fault of the Petitioner." (*Id.* at CM/ECF pp. 1–2.)

Based on Petitioner's allegations, the only statutory grounds that appear relevant are § 25-2001(4)(b) "for fraud practiced by the successful party in obtaining the judgment or order" or § 25-2001(4)(f) "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." However, "a party seeking to set aside a judgment after term for fraud under this section must prove that he or she exercised due diligence at the former trial and was not at fault or negligent in the failure to secure a just decision." *Nielsen v. Nielsen*, 749 N.W.2d 485, 488 (Neb. 2008). Petitioner cannot satisfy the "high" standard for showing fraud under § 25-2001(4)(b), *State v. Bartel*, 953 N.W.2d 224, 236 (Neb. 2021), as he has not demonstrated that he exercised due diligence in either securing his appearance at the telephonic hearing, of which he admittedly had notice, or in promptly informing the state district court of the reason for his absence and seeking timely relief from the judgment. For those same reasons, Petitioner is not entitled to relief from the judgment on the grounds of "unavoidable casualty or misfortune" since an "unavoidable casualty alone does not provide a basis for vacating a judgment after term. That casualty must also be one 'preventing the party from prosecuting or defending.'" *Emry v. Am. Honda Motor Co.*, 334 N.W.2d 786, 792 (Neb. 1983) (quoting *Norfolk Packing Co. v. American Ins. Co.*, 216 N.W. 309, 310 (Neb. 1927)). The fact that NDCS failed to make Petitioner available at the time of the August 19, 2021 hearing did not prevent Petitioner from seeking immediate relief from the judgment by either filing a motion to alter or amend the judgment or filing a timely appeal. Thus, Petitioner would not be entitled to vacate the judgment dismissing his postconviction motion under the statutory grounds in Neb. Rev. Stat. § 25-2001(4).

Even if the court assumed that a motion to vacate was an available remedy, Petitioner did not raise any of his federal habeas claims in his state postconviction motion. As condensed and summarized by the court, Petitioner alleged in his

habeas petition that (1) he received ineffective assistance of his trial and appellate counsel for failing to call witnesses, failing to object to certain testimony, and failing to challenge the sufficiency of the evidence; (2) the evidence was insufficient to support his convictions; and (3) he was denied his right to confront witnesses at trial. (Filing 9.) In his state postconviction motion, however, Petitioner alleged (1) the criminal statutes he was tried under were unconstitutionally broad and vague on their face; (2) he received ineffective assistance of trial and appellate counsel because they did not request a psychiatric evaluation of Petitioner; and (3) he was maliciously prosecuted because the case was pursued criminally rather than through a civil proceeding. (Filing 16-8 at CM/ECF pp. 2–10; *see also Id.* at CM/ECF pp. 15–16.) Petitioner cannot use a motion to vacate a judgment under Neb. Rev. Stat. § 25-2001 to raise new constitutional grounds attacking his final convictions and sentences. *State v. Weathers*, 30 Neb. App. 189, 192, 966 N.W.2d 72, 75 (Neb. Ct. App. 2021) (state district court lacked jurisdiction to consider pro se motion to vacate conviction and sentences under Neb. Rev. Stat. § 25-2001 because Nebraska Postconviction Act was movant's sole remedy for collaterally attacking his final conviction and sentences on basis that District Court did not advise movant of his Sixth Amendment right to counsel during trial in which he represented himself).

Based on the foregoing, the court finds that dismissal of this matter without prejudice to allow Petitioner to file a motion to vacate the order dismissing his state postconviction motion would be futile, and the court will, therefore, deny the Motion to Dismiss.

Respondent has filed a Motion for Summary Judgment (filing 15), the relevant state court records (filing 16), and a Brief in Support (filing 17). Rather than respond, Petitioner filed his Motion to Dismiss. On the court's own motion, Petitioner shall have until December 7, 2022, to file a brief in opposition to Respondent's Motion for Summary Judgment. Respondent shall then file a reply no later than 30 days after Petitioner's brief in response.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion to Dismiss (filing 18 ) is denied.

2. No later than December 7, 2022, Petitioner shall file and serve a brief in opposition to Respondent's Motion for Summary Judgment. In the event that Petitioner does not file a brief by that date, the court will rule on the Motion for Summary Judgment without further notice.

3. No later than 30 days after the filing of Petitioner's brief as set forth above, Respondent shall file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the court by filing a notice stating that she will not file a reply brief and that the summary judgment motion is therefore fully submitted for decision.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **December 7, 2022**: check for Petitioner's brief.

Dated this 7th day of November, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge