IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

LARRY SENTENEY,

    Petitioner,

vs.

DIANE SABATKA-RINE,

    Respondent.

8:22CV89

**MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's motion for summary judgment (the "MSJ"). Filing No. 15. In support, Respondent submits that Petitioner's habeas claims are procedurally defaulted because he did not properly exhaust all available state court remedies and can no longer fairly present his claims to the state courts. Filing No. 17 at 3. Petitioner has not responded to the MSJ and the time to do so has passed. As such, this matter is fully submitted for disposition. For the reasons set forth below, the Court finds summary judgment is appropriately granted and the Petition shall be dismissed with prejudice.

**I. RELEVANT PROCEDURAL AND FACTUAL HISTORY**

Following a 2019 jury trial, Petitioner was convicted of two counts of third-degree sexual assault of a child, a Class IIIA felony, one count of attempted incest, a Class IIIA felony, and one count of attempted first degree sexual assault, a Class III felony, and was sentenced to consecutive terms of 3 to 5 years' imprisonment on each conviction. Filing

No. 16-3 at 86, 98–102. Petitioner timely appealed his convictions and sentences on July 16, 2019. Filing No. 16-2 at 2.

On appeal, Petitioner alleged the state district court: (1) committed plain error when it allowed an investigator for the State to testify regarding "indicators of deception" shown by Petitioner during an interview; and (2) abused its discretion by imposing excessive sentences. Filing No. 16-5; Filing No. 16-6 at 7. In a published opinion, on November 6, 2020, the Nebraska Supreme Court rejected Petitioner's arguments and affirmed Petitioner's convictions and sentences. Filing No. 16-6.

On May 27, 2021, Petitioner timely filed a motion for postconviction relief. *See* Filing No. 16-8 at 2–11. In his Motion, Petitioner, alleged that certain relevant statutes were unconstitutional under the Nebraska Constitution, that he received ineffective assistance of trial and appellate counsel due to failure to have a psychiatric evaluation administered, and that Petitioner was subjected to malicious prosecution. *Id*. The state district court denied Petitioner's motion without an evidentiary hearing on August 19, 2021. *Id.* at 19–20.

On September 24, 2021, Petitioner appealed the state district court's order to the Nebraska Court of Appeals. Filing No. 16-7 at 2. On October 27, 2021, the Nebraska Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction finding Petitioner's appeal was untimely. *Id.* at 3. Petitioner thereafter moved for rehearing, which was denied, and the case was mandated on January 10, 2022. *Id.* at 2–3.

On March 7, 2022, Petitioner filed a habeas petition in this Court. Filing No. 1. In its May 25, 2022, initial review of Petitioner's claims, the Court found the following claims as potentially cognizable:

> Claim One: Petitioner was denied due process and the effective assistance of counsel because trial and appellate counsel (1) failed to call witnesses on Petitioner's behalf; (2) failed to object to Hackett's testimony; and (3) failed to challenge the sufficiency of the State's evidence.
>
> Claim Two: Petitioner was denied due process of law because the State presented insufficient evidence to support Petitioner's convictions.
>
> Claim Three: The State denied Petitioner his right of confrontation when the State did not allow Petitioner to be present during the questioning of witnesses at trial.

Filing No. 9 at 1–2.

The initial review order also required Respondent to file a motion for summary judgment or state court records in support of an answer. *Id.* at 2. On August 3, 2022, Respondent filed the MSJ, Filing No. 15, and her brief in support, Filing No. 17, seeking dismissal of the Petition with prejudice, arguing Petitioner's claims were unexhausted and procedurally defaulted. Filing No. 17.

In lieu of a response to the MSJ, Petitioner filed a motion to voluntarily dismiss the Petition without prejudice, admitting he had not exhausted his claims in state court and seeking dismissal of this matter without prejudice to allow him to do so. Filing No. 18. Respondent filed a Brief in Response, referencing her position set forth in the MSJ: that dismissal without prejudice to allow Petitioner to exhaust his state remedies was not appropriate because Petitioner's habeas claims were procedurally defaulted, rendering any attempt at exhaustion as futile. Filing No. 19. In response, Petitioner argued he could still exhaust the claims in his Petition in the state courts because he "has a remaining remedy . . . in the form of a motion to vacate the order dismissing his motion for postconviction relief pursuant to Neb. Rev. Stat. § 25-1301.01." Filing No. 20 at 2.

The Court denied Petitioner's motion to voluntarily dismiss, finding that Petitioner set forth no grounds which would allow him to exhaust (or otherwise bring) the claims set forth in the instant Petition in state court, and ordered Petitioner to file a response to the MSJ by December 7, 2022. Filing No. 23. To date, no response has been filed by Petitioner.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

### III. DISCUSSION

Respondent argues that the claims in the Petition are unexhausted, and as Petitioner can no longer fairly present them in state court, they are not merely unexhausted but, rather, procedurally defaulted, rendering any further consideration of the Petition futile and the granting of summary judgment and dismissal of the Petition with prejudice appropriate. Filing No. 17 at 3–5. In his motion to dismiss,[2] Petitioner admits his current federal claims are unexhausted but argues exhaustion is still possible in the Nebraska state courts by filing a motion to vacate the order dismissing his motion for postconviction relief under Nebraska law. Filing No. 18; Filing No. 20 at 2.

As dismissal of claims for exhaustion versus procedural default is generally the difference between dismissal with or without prejudice, *see Whitecalf v. Young*, No. CIV. 14-5072-JLV, 2015 WL 5177966, at *7 (D.S.D. Sept. 4, 2015) (comparing *Armstrong v. Iowa*, 418 F.3d 924, 926–27 (8th Cir. 2005) (dismissal with prejudice is appropriate where the ground for dismissal is procedural default) with *Carmichael v. White,* 163 F.3d 1044, 1045–46 (8th Cir.1998) (dismissal for failure to exhaust state remedies where state remedies remain available to petitioner should be a dismissal without prejudice)), a brief

---

[2] While technically the MSJ is unopposed as Petitioner did not file a brief in opposition, the Court will consider his argument set forth in his motion to dismiss the Petition without prejudice and his response in support. Filing No. 18; Filing No. 20.

5

discussion of both doctrines and their application to Petitioner's instant claims is appropriate here.

### A. Exhaustion

"[A] state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b) ("habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted all the remedies available in the courts of the State."). Generally, if a federal habeas petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claims, the claim is not exhausted. *Kenley v. Armontrout,* 937 F.2d 1298, 1302 (8th Cir.1991). The Supreme Court of the United States has explained the basis for the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim was presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly[3] or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). If a petitioner fails to exhaust his

---

[3] Where a life sentence has been imposed in a criminal case, the appeal goes directly to the Nebraska Supreme Court. Neb. Rev. Stat. § 24-1106.

6

state remedies by giving the state courts one full round of review, but there remains an action in the state courts allowing for the habeas claim to be raised, a petition is appropriately dismissed without prejudice to allow for exhaustion of those claims. *See Hampton v. Miller*, 927 F.2d 429, 430–31 (8th Cir. 1991).

Here, Petitioner seeks review of three claims in his Petition:[4] Claim One addresses ineffective assistance of counsel, Claim Two alleges Petitioner was denied due process of law based on insufficient evidence to support his conviction, and Claim Three addresses an alleged confrontation clause violation, claiming Petitioner was not allowed to be present during the questioning of witnesses at his trial. Filing No. 1 at 5–10; Filing No. 9 at 1–2 (summarizing claims). Petitioner's second and third claims relating to trial errors were not presented to the Nebraska state courts on direct appeal (or to the Nebraska state courts at any time). *See* Filing No. 16-5; Filing No. 16-6 at 7; Filing No. 16-7 at 2–3; Filing No. 16-8 at 2–11. In relation to his first claim, while Petitioner did raise an ineffective assistance of counsel claim on postconviction review,[5] his current ineffective assistance claim—that he received ineffective assistance of his trial and appellate counsel for failing to call witnesses, failing to object to certain testimony, and failing to challenge the sufficiency of the evidence—is not the same ineffective assistance

---

[4] For purposes of uniformity, the Court utilizes the claim numbers assigned by the Court upon initial review. *See* Filing No. 9 at 1–2.

[5] Although Petitioner was represented by different individual counsel at his trial and on direct appeal, *compare* Filing No. 16-1 at 15 (listing Bernard Straetker as trial counsel) *with* Filing No. 16-2 at 2 (listing Harry Moore, Jessica Rae Meyers, and Todd W. Lancaster as direct appellate counsel), both counsel were assigned from the Scott's Bluff County Public Defender's office. Filing No. 16-3 at 15 (public defender appointed to represent Petitioner at trial); Filing No. 16-5 at 30–31 (acknowledging trial and appellate counsel from same public defender's office). Under Nebraska law when a party is "represented by the public defender's office at trial and on direct appeal, he is not procedurally barred from asserting a claim of ineffective assistance of counsel in his motion for postconviction relief." *State v. Davlin*, 658 N.W.2d 1, 6 (Neb. 2003); *see also* Filing No. 16-6 at 11.

claim of failure to request a psychiatric evaluation of Petitioner that Petitioner made on postconviction review. Compare Filing No. 9 at 1 with Filing No.16-8 at 8.

As none of the claims raised in the Petition were exhausted to the extent the claims were never reviewed nor given a full round of review by the Nebraska state courts, the Court finds, and the parties agree,[6] that all of Petitioner's federal claims are unexhausted. However, while the parties agree the claims set forth in the Petition are unexhausted, Respondent argues that Petitioner's claims are also procedurally defaulted at the state level and dismissal without prejudice is futile, Filing No. 17 at 3, whereas Petitioner disagrees, arguing that his claims are not procedurally defaulted as he could still exhaust his claims in state court. Filing No. 18; Filing No. 20 at 2. Because dismissal on grounds of procedural default is a dismissal *with* prejudice precluding federal habeas review, unlike a dismissal for failure to exhaust state remedies, which is without prejudice, *see* Whitecalf, 2015 WL 5177966, at *7, the Court must determine whether Petitioner's claims are procedurally defaulted.

### B. Procedural Default

"A procedural default occurs when "a state procedure bars a petitioner's claim and the state court 'clearly and expressly' relied on that bar." Grayer v. McKee, 149 F. App'x 435, 441 (6th Cir. 2005) (quoting Harris v. Reed, 489 U.S. 255, 263 (1989)); Helms v. Bowerman, 785 F. App'x 274, 279 (6th Cir. 2019) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims, has deprived the state courts of an opportunity to

---

[6] *See* Filing No. 18 at 1; Filing No 17 at 3–5.

address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1, (2012).

Because a claim that is procedurally defaulted at the state level is "technically exhausted" as there are no further remedies available in the courts of the state, a petitioner could seek federal habeas review of those "exhausted" claims but for the so called independent and adequate state ground doctrine. *Coleman*, 501 U.S. at 732; *see also Gray v. Netherland,* 518 U.S. 152, 161 (1996). The Supreme Court explained the doctrine and its applicability to habeas review as follows:

> 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the [petitioner] has exhausted the remedies available in the courts of the State." Because "this requirement . . . refers only to remedies available at the time of the federal [application for a writ of habeas corpus]," *Engle v. Isaac,* 456 U.S. 107, 126, n. 28, (1982), it is satisfied "if it is clear that [the petitioner's] claims are now procedurally barred under [state] law," *Castille v. Peoples,* 489 U.S. 346, 351 (1989). However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence [and, thus,] prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default. *Teague v. Lane,* 489 U.S. 288, 298 (1989); *Isaac,* 456 U.S. at 126, n. 28; *Wainwright v. Sykes,* 433 U.S. 72, 90-91 (1977).

*Gray,* 518 U.S. at 161–62. Therefore, unless cause and prejudice are established, a federal court cannot review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment" regardless of whether the state law ground is substantive or procedural. *Coleman*, 501 U.S. at 729 (citing *Fox Film Corp. v. Muller,* 296 U.S. 207, 210 (1935); *Klinger v. Missouri,* 13 Wall. 257, 263 (1872); *Herndon v. Georgia,* 295 U.S. 441 (1935)).

In the instance that a claim has not been formally exhausted, and a state procedural rule was the reason state review of a claim was denied, that basis for denial was clearly stated, and there are no other state remedies available, that claim is procedurally defaulted and technically exhausted and precludes federal review under the independent and adequate grounds doctrine. *Id.* at 732 (citing 28 U.S.C. § 2254(b); *Engle v. Isaac,* 456 U.S. 107, 125–126, n. 28 (1982)). In the event an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, so no basis for denial has been stated by the state courts, the claim still is subject to an anticipatory procedural default and is precluded from federal habeas review if it is clear the claim would be rejected because of an independent and adequate state procedural rule "regardless of the decision of the last state court to which the petitioner actually presented his claims." *Id.* at 735 n.1 (citing *Harris*, 489 U.S. at 269–270 (O'CONNOR, J., concurring)); *Teague*, 489 U.S. at 297–98).

Here, as previously discussed *supra*, all three claims in the Petition were not brought before the Nebraska state courts and were therefore unexhausted as the Nebraska state courts were never given the opportunity to resolve any constitutional issues via Petitioner's invocation of one complete round of Nebraska's established appellate review process. Further, because they were never reviewed by the Nebraska state courts, no procedural denial of the claims was ever issued. As such, the Court must determine if it is clear the claim *would be* rejected because of an independent and adequate state procedural rule, precluding federal habeas review.

Regarding claims two and three involving trial errors alleging lack of sufficiency of evidence to secure Petitioner's conviction and lack of witness confrontation at his criminal

trial, the Nebraska Supreme Court has held that "a motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal-such issues are procedurally barred." State v. McKinney, 777 N.W.2d 555, 560 (Neb. 2010); *see also* State v. Dubray, 885 N.W.2d 540, 552 (Neb. 2016). Here, there is no indication in the record that Petitioner did not know of both the sufficiency of evidence and the alleged lack of witness confrontation during the direct appeal period following his conviction, and Petitioner makes no such argument. As such, the Court anticipates that if claims two and three were presented to the Nebraska courts they would be declined review as procedurally defaulted under Nebraska Supreme Court precedent.

Petitioner did bring an ineffective assistance of counsel claim in a timely postconviction action; however this does not assist him here as his postconviction motion did not contain the same ineffective assistance claims he raises now, and it ultimately did not receive one complete, full round of review by the Nebraska courts.[7] *See* Filing No. 16-8 at 8. His postconviction motion was appropriate as when "a defendant's trial counsel is different from his or her appellate counsel, all issues of ineffective assistance of trial counsel that are known to the defendant or are apparent from the record must be raised on direct appeal . . . [or] they are procedurally barred." Dubray, 885 N.W.2d at 552. However, when, as here, a party is "represented both at trial and on direct appeal by the

---

[7] The ineffective assistance claim that was brought in his postconviction motion, alleging both trial and appellate counsel error, did not have one full round of review by the Nebraska state courts. Filing No. 16-7 at 3. After the trial court denied his postconviction motion, Petitioner missed the deadline for appealing the trial court's decision, resulting in the Nebraska appellate court finding his case procedurally barred and formally dismissing his case for lack of jurisdiction pursuant to Neb. Ct. R. App. P. § 2-107(A)(2). *See Id.*; Filing No. 16-8 at 19–20. Petitioner thereafter moved for rehearing, which was denied, and the case was mandated on January 10, 2022. *Id.* at 2–3.

same counsel, [their] first opportunity to assert ineffective assistance of trial counsel is in a motion for postconviction relief." *State v. Jaeger*, 970 N.W.2d 751, 764 (Neb. 2022).

While claims of ineffective assistance of appellate counsel are also appropriately raised for the first time on postconviction review,[8] *Dubray*, 885 N.W.2d at 552, Nebraska courts "will not consider an issue on appeal from the denial of postconviction relief that was not raised in the motion for postconviction relief or passed upon by the postconviction court," *State v. Stelly*, 955 N.W.2d 729, 741 (Neb. 2021), "unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion," *State v. Davenport*, 755 N.W.2d 816, 821–22 (Neb. 2008) (citing *State v. Moore,* 718 N.W.2d 537 (Neb. 2006)).

As such, the appropriate time for Petitioner to bring the ineffective assistance claim made in his Petition was at the same time he brought the ineffective assistance claim raised in his postconviction motion. Because there is no indication, and Petitioner makes no argument, that he could not have raised the ineffective assistance claims raised here on postconviction review before the state court along with the ineffective assistance claim he did bring, this Court anticipates he is procedurally barred from returning to the state courts and exhausting those claims now under Nebraska law.

---

[8] While inapplicable here as Petitioner proceeded pro se on postconviction review, *see* Filing No. 16-8 at 2–11, a second motion for postconviction review alleging ineffective assistance is not procedurally barred under very limited circumstances: where the convicted was represented both on direct appeal and on the first postconviction motion by the same counsel as it is the "first opportunity to raise a claim of violation of his constitutional right to effective assistance of appellate counsel." *State v. Williams*, 889 N.W.2d 99, 114 (Neb. 2017).

To the extent Petitioner argued in his motion to dismiss that he could still exhaust his claims in state court by filing a motion to vacate the order dismissing his motion for postconviction relief under Nebraska law, see Filing No. 18; Filing No. 20 at 2, this Court's analysis has not changed since entry of the order rejecting that position. Filing No. 23. This Court previously found that after the Nebraska state district court dismissed Petitioner's state postconviction motion, Petitioner did not file a motion to vacate the judgment of dismissal during the term in which the judgment was entered, and the time to file a motion to vacate outside the term had since passed. Filing No. 23 at 2. Additionally, the Court found that, to the extent Petitioner were to file a motion to vacate now to exhaust his federal claims, state law equity jurisdiction was not available to him because, under Nebraska law, equitable remedies are generally not available if, as here, at the time judgment was entered, adequate state remedies existed. Id. And, even if Petitioner were able to bring a motion to vacate the judgment, under Nebraska law he would be precluded from bringing the claims in his Petition because they had not previously been brought and he "cannot use a motion to vacate a judgment under Neb. Rev. Stat. § 25-2001 to raise new constitutional grounds attacking his final convictions and sentences." Id. at 5.

As all of the claims set forth in the Petition are unexhausted, and as it is clear the claims would be rejected because of independent and adequate state procedural rules rendering them procedurally defaulted, all of Petitioner's claims are precluded from federal habeas review[9] and dismissal of this matter with prejudice is appropriate.

---

[9] As Petitioner made no argument in support or presented any evidence of either cause and prejudice or a miscarriage of justice, which are the only exceptions allowing federal review of procedurally defaulted claims, see Dretke v. Haley, 541 U.S. 386, 392-93 (2004); Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012), the Court shall not address these exceptions further here.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). The Court has applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. The unopposed Motion for Summary Judgment, Filing No. 15, is granted and Petitioner's Petition is dismissed with prejudice.

2. The Court will not issue a certificate of appealability in this matter.

3. The Court will enter a separate judgment in accordance with this order.

Dated this 23rd day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court